IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DELOMA CAMMARATA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV130 |
| | ) | |
| v. | ) | |
| | ) | |
| THE BOARD OF REGENTS OF THE | ) | ORDER |
| UNIVERSITY OF NEBRASKA, and | ) | |
| THE UNIVERSITY OF NEBRASKA | ) | |
| MEDICAL CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis (Filing No. 16), motion to appoint counsel (Filing No. 19), and motions to extend (Filing Nos. 32 and 48).

In her motion for leave to proceed in forma pauperis, plaintiff states that she is "unemployed and can not meet the financial burdens of the complaint." (Filing No. 16.) However, plaintiff paid the full filing fee at the time she filed her complaint (Filing No. 1). Based on the record before it, the Court finds that plaintiff is not financially eligible to proceed in forma pauperis and the motion will be denied.

Plaintiff also seeks the appointment of counsel because she cannot afford to hire an attorney (Filing No. 19). However, the Court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to

decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. The request for the appointment of counsel will be denied without prejudice.

Also pending is plaintiff's request for an extension of time to file dispositive motions (Filing No. 32). In particular, plaintiff requests that the date for filing dispositive motions be extended to May 2, 2009. However, plaintiff recently filed a separate motion to extend in order to enable her to file a meaningful response to defendants' motion for summary judgment (Filing No. 48). Both motions will be granted. Plaintiff shall have until June 5, 2009, to file a response to defendants' motion for summary judgment and to file any cross motion for summary judgment. In the event that plaintiff does not file a response or a cross motion for summary judgment by that date, the Court will rule on the pending motion for summary judgment without further notice.

IT IS ORDERED:

1. Plaintiff's motion for leave to proceed in forma pauperis (Filing No. 16) is denied.

2. Plaintiff's motion to appoint counsel (Filing No. 19) is denied without prejudice.

3. Plaintiff's motions to extend (Filing Nos. 32 and 48) are granted. Plaintiff shall have until June 5, 2009, to file a response to defendants' motion for summary judgment and to file any cross motion for summary judgment. In the event that

-2-

plaintiff does not file a response or a cross motion for summary judgment by that date, the Court will rule on the pending motion for summary judgment without further notice.

    4.   The dates relating to the final pretrial conference in this matter are modified as follows:

>a. Defense counsel will have the primary responsibility for drafting the Order on Final Pretrial Conference, pursuant to the format and requirements set out in NECivR 16.2(a)(2). The plaintiff will be responsible for cooperating in the preparation and signing of the final version of the Order. The Order should be submitted to the plaintiff and to any other parties by **August 12, 2009**. The plaintiff shall provide additions and/or proposed deletions to defense counsel by **August 26, 2009.** Defense counsel shall submit the proposed Order on Final Pretrial Conference to the Court by no later than **September 9, 2009**. If a party proposes an addition or deletion which is not agreed to by all the other parties, that fact should be noted in the text of the document. The proposed Order on Final Pretrial Conference must be signed by all pro se parties and by counsel for all represented parties.
>
>b. The Final Pretrial Conference will be held before Magistrate Judge David L. Piester on **September 24, 2009 at 10:00 a.m.** Prior to the pretrial conference, all items as directed in NECivR 16.2 and full preparation shall have been completed so that trial may begin at any time following the Pretrial Conference.

      5.   The trial date will be set by Magistrate Judge Piester at the time of the Final Pretrial Conference.

      6.   The clerk of the court is directed to set two pro se case management deadlines in this case using the following text:  Pretrial conference before Magistrate Judge Piester to be held on September 24, 2009, and June 5, 2009: deadline for plaintiff's response to motion for summary judgment.

      DATED this 4th day of May, 2009.

                          BY THE COURT:

                            /s/ Lyle E. Strom
                            _____
                            LYLE E. STROM, Senior Judge
                            United States District Court